NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0353n.06

No. 09-1377

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jun 08, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KEYLEN TREMELL BLACKMON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

Before: SILER and GIBBONS, Circuit Judges; REEVES, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant Keylen Tremell Blackmon

appeals the district court's denial of his motion for a sentence modification pursuant to 18 U.S.C.

§ 3582(c)(2). For the following reasons, we affirm the district court's decision.

I.

The facts of this case are undisputed. As recounted in the Presentence Investigation Report

("PSR"), Blackmon was indicted on June 5, 1997, on four counts of drug trafficking in violation of

21 U.S.C. §§ 841(a) and 846. He pled guilty to one count and the plea agreement stipulated, in

pertinent part, that the relevant conduct involved the distribution of at least 1.5 kilograms of cocaine

base. The offense conduct described in the PSR involved a crack and powder cocaine distribution

conspiracy, led in part by Blackmon, which was in operation from sometime in 1990 to

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

approximately June 1997. Blackmon and others traveled from Kalamazoo, Michigan to either Chicago, Illinois or Detroit, Michigan to obtain cocaine in quantities ranging from kilogram to multi-kilogram amounts. Once the cocaine was brought back to Kalamazoo, it was sold as either powder or crack cocaine. After realizing that he could make additional profits by selling crack cocaine, Blackmon learned to cook the cocaine himself in 1992 and dealt almost exclusively in crack cocaine thereafter. During the time frame of the conspiracy, Blackmon was supplied with anywhere from one to eighteen kilograms of cocaine at a time and admitted that the conspiracy made weekly trips to Chicago to obtain drugs. "During the time frame of the conspiracy, [] Blackmon was directly responsible for the distribution of well over 1.5 kilograms of crack cocaine."

Under U.S.S.G. § 2D1.1(c)(1) (1998), Blackmon started with an offense level of 38 for an offense involving at least 1.5 kilograms of cocaine base and the PSR applied a four-level increase for his role as an organizer in the offense, a two-level decrease for acceptance of responsibility, and a one level decrease for providing the government with a full account of his involvement in the conspiracy. The PSR calculated Blackmon's total offense level to be 39 with criminal history category of II, resulting in a Guidelines range of 292 to 365 months imprisonment. After Blackmon pled guilty, the government submitted a motion under U.S.S.G. § 5K1.1 for a five-level downward departure, which the district court granted. The court sentenced Blackmon to 192 months incarceration with five years of supervised release. The government then filed a motion under Federal Rule of Criminal Procedure 35(b) in 1999 and, on the basis of his cooperation, the district court eventually reduced Blackmon's sentence to 180 months in 2001.

In February 2008, Blackmon filed a *pro se* motion for sentence modification pursuant to 18 U.S.C. § 3582(c), relying upon Amendments 706 and 711 to U.S.S.G. § 2D1.1, which reduced the

base offense level for most cocaine offenses by two levels and modified the Guidelines drug conversion chart. The district court appointed counsel, who filed a memorandum in support of the motion. To aid the court's consideration of the motion, the Probation Office prepared a Sentence Modification Report ("SMR"), which calculated a base offense level of 38 and a total offense level of 39 after the applying the adjustments used in the PSR. Combined with a criminal history category of II, the SMR calculated that Blackmon's Guidelines range was still 292 to 365 months imprisonment.

In determining the base offense level, the Probation Office looked to U.S.S.G. § 2D1.1(c)(1) (2008), which sets an offense level of 38 for crimes involving 4.5 kilograms or more of cocaine base. The SMR used this drug quantity because Blackmon was held responsible at the original sentencing for distribution of at least 1.5 kilograms of cocaine base and the offense conduct described in the PSR made clear that his crime involved more than 4.5 kilograms of cocaine base. The SMR found that Blackmon was not eligible for a sentence modification because the new sentencing calculation did not result in a lower Guidelines range.

The district court denied Blackmon's sentence modification motion, holding that, had Amendment 706 been in effect at the time of sentencing, the court would have found Blackmon responsible for 4.5 kilograms or more of cocaine base and would not have changed its sentence. The court noted that Blackmon did not object to the PSR's description of his offense conduct, specifically the statement that he was supplied between one and eighteen kilograms of cocaine at a time during the time frame of the conspiracy, at the sentencing. The court also noted that Blackmon's 180-month sentence was appropriate under the Guidelines and in consideration of all the factors listed in 18 U.S.C. § 3553(a). Blackmon timely appealed.

II.

We review motions for a sentence modification under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005). We may reverse the district court's decision only if we are "firmly convinced that a mistake has been made." *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009) (quoting *McCombs v. Meijer, Inc.*, 395 F.3d 346, 358 (6th Cir. 2005)). "When reviewing the district court's application of the Sentencing Guidelines, we review the district court's factual findings for clear error and mixed questions of law and fact *de novo*." *United States v. May*, 568 F.3d 597, 604 (6th Cir. 2009). If the district court concludes that it lacks the authority to reduce a defendant's sentence, its determination of the defendant's ineligibility for a sentence reduction is a question of law that we review *de novo*. *See United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009).

In general, a court may not change or modify a sentence unless such authority is expressly granted by statute. *See United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citation omitted). One such authorized exception arises "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," in which case a court "may" reduce a term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines, made effective November 1, 2007, reduced the base offense level for most crack offenses by two levels

-4-

and is one of the retroactive amendments listed in U.S.S.G. § 1B1.10 that may be considered for a sentence reduction under 18 U.S.C. § 3582(c)(2). *United States v. Poole*, 538 F.3d 644, 645 (6th Cir. 2008). In *Moore*, we recently reversed a district court's denial of a § 3582(c)(2) motion where the original PSR, to which the defendant did not object, held him responsible for at least 1.5 kilograms of cocaine base and the SMR found that the undisputed offense conduct described in the PSR warranted holding the defendant responsible for at least 4.5 kilograms of cocaine base. 582 F.3d at 643–44. We held that the district court should have considered the defendant's objection to the SMR because "he could have agreed with all of the PSR's factual allegations, while still believing that the total amount of crack [involved] was less than 4.5 kilograms." *Id*. at 645.

In this case, however, Blackmon stipulated to and admitted specific facts showing that his crime involved at least 4.5 kilograms of crack cocaine. He affirmatively stipulated to the 1.5 kilogram drug quantity in his plea agreement. Furthermore, he failed to object both to the PSR's initial finding that he was "directly responsible for the distribution of well over 1.5 kilograms of crack cocaine" and the SMR's subsequent finding that "in review of the offense conduct section of the [PSR], the defendant was responsible for distribution of more than 4.5 kilograms of cocaine base." Indeed, the PSR described the amount of crack cocaine involved. *Cf. Moore*, 582 F.3d at 645. Over the course of the conspiracy, Blackmon "was supplied anywhere from 1 to 18 kilograms of cocaine at a time" and from 1992 though 1997, dealt "almost exclusively in crack cocaine." Because he did not object to the factual allegations in either sentencing report, he is bound by them. *See Moore*, 582 F.3d at 644; *United States v. Adkins*, 429 F.3d 631, 632–33 (6th Cir. 2005) (requiring the defendant to "explicitly . . . object to the drug amount attributed to him"). Taken together, these admitted facts "specifically link [Blackmon] to 4.5 kilograms of crack." *Moore*, 582

F.3d at 645. Thus, we conclude that the district court did not abuse its discretion in denying Blackmon's motion for a sentence reduction because, as described by the SMR and the district court, Blackmon's sentencing range was not altered by Amendments 706 and 711.

Blackmon's admissions also belie his contention that U.S.S.G. § 1B1.10 is invalid because it precludes him from receiving a sentence reduction though, he claims, he is an intended beneficiary of Amendment 706. First, Blackmon is not entitled to a reduction because of the facts found by the PSR and SMR, as adopted by the district court, that show that his crime involved at least 4.5 kilograms of crack cocaine. Second, the decision to grant a sentence reduction is discretionary and "[s]ection 3582 does not create a *right* to a reduced sentence." *United States v. Curry*, No. 08-1732, 2010 U.S. App. LEXIS 2791, at *17 (6th Cir. Feb. 10, 2010) (noting that the language of § 3582(c)(2) is permissive and not mandatory). In view of the facts concerning Blackmon's offense conduct, the district court decided that Blackmon's 180-month sentence was appropriate in consideration of all the § 3553(a) factors. Thus, any purported error identified by Blackmon is harmless and is not grounds for reversing the district court's decision. *Moore*, 582 F.3d at 645; *see also United States v. Vandeberg*, 201 F.3d 805, 812 (6th Cir. 2000) (holding that remand is inappropriate if "the appellate court is convinced that the trial court 'would have imposed the same sentence absent [its] misinterpretation of the guideline'" (quoting *United States v. Parrott*, 148 F.3d 629, 635 (6th Cir. 1998))).

III.

For the foregoing reasons, we affirm the district court's decision.