**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7785**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TORRANCE JONES,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:96-cr-00079-BO-1)

Submitted:  June 30, 2010            Decided:  July 20, 2010

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Clayton R. Kaeiser, CLAYTON R. KAEISER, PA, Miami, Florida, for
Appellant.   George E. B. Holding, United States Attorney,
Anne M. Hayes, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Torrance Jones appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence based upon the crack cocaine amendments to the Sentencing Guidelines. The district court denied the motion, finding Jones ineligible because his offense involved more than 4.5 kilograms of crack cocaine. On appeal, Jones asserts that, at sentencing, he was only found responsible for 1.5 kilograms of crack cocaine, that the district court is barred from holding him responsible for a larger amount, and that he should, accordingly, be eligible for a reduction. We affirm.

We review an order granting or denying a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). A district court abuses its discretion if it fails or refuses to exercise discretion, or if it relies on an erroneous factual or legal premise. DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008). In a § 3582 proceeding, the district court may only consider the effect of the retroactive amendment, not any other sentencing or guideline issues. U.S. Sentencing Guidelines Manual § 1B1.10, p.s., comment. (n.2) (2009).

Amendment 706 to the Guidelines lowered the offense levels for drug offenses involving certain quantities of crack and is retroactive. See USSG §§ 1B1.10(c), p.s. & 2D1.1(c)

2

(2009); USSG App. C Amends. 706, 711, 715.  However, the base offense level for offenses involving 4.5 kilograms or more of crack is unaffected by Amendment 706.  USSG § 2D1.1(c)(1).  Accordingly, if Jones was responsible for more than 4.5 kilograms of crack cocaine, he would not be eligible for a sentence reduction under Amendment 706, because the Amendment did not lower his sentencing range.  18 U.S.C. § 3582(c)(2).

While the district court may not make new findings of drug amounts inconsistent with those made during the original sentencing, the court is permitted to make new findings that are supported by the record and not inconsistent with the findings at the original sentencing.  See United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010).  Specifically, "a finding that the defendants were responsible for at least 4.5 kilograms is not inconsistent with the conclusion of the original sentencing court that the defendants were responsible for amounts in excess of 1.5 kilograms."  United States v. Woods, 581 F.3d 531, 539 (7th Cir. 2009); see also United States v. Moore, 582 F.3d 641, 646 (6th Cir. 2009) ("We do not agree with [the defendant] that the district court's previous determination of 'more than 1.5 kilograms' means that it cannot also find more than 4.5 kilograms.").

Thus, although the district court only explicitly found Jones responsible for 1.5 kilograms of crack cocaine at

his sentencing hearing, our review of the record convinces us that the district court did not abuse its discretion by concluding that, at Jones' original sentencing, it implicitly adopted the drug amounts in the presentence report (including 26.3 kilograms of crack cocaine). As such, the district court properly concluded that Jones was not eligible for a reduction under the crack cocaine amendments, and we therefore affirm the district court's judgment. We deny Jones' motion for judicial notice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED