**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0218n.06

No. 11-1439

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Feb 23, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ERNESTO MCKINNEY, aka Nesto, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant - Appellant | ) | OPINION |

**Before: BATCHELDER, Chief Judge; NORRIS and STRANCH, Circuit Judges.**

**JANE B. STRANCH, Circuit Judge.** Ernesto McKinney appeals the district court's decision to deny his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Because the district court did not err in denying the motion, we **AFFIRM**.

## I. BACKGROUND

McKinney pleaded guilty in 2004 to conspiracy to possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and an unknown quantity of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(ii). He also pleaded guilty to knowing possession of unregistered firearms, in violation of 26 U.S.C. § 5861(d). As part of a written plea agreement and in exchange for McKinney's cooperation, the Government agreed to dismiss a count charging McKinney with possession of a Striker-12/Streetsweeper firearm, which

is classified as a destructive device. Conviction on that count would have added a consecutive thirty-year term of imprisonment to the sentence.

At the time of sentencing in 2004, the highest base offense level of 38 applied if the drug quantity attributed to the defendant was more than 1.5 kilograms of cocaine base. USSG § 2D1.1(c)(1). Because more than 1.5 kilograms of cocaine base were attributable to McKinney, the probation officer who prepared the presentence report (PSR) assigned a base offense level of 38. Following application of other sentencing adjustments, the total offense level was 37, with a criminal history category of IV, resulting in a guideline range for imprisonment of 292 to 365 months.

At sentencing, McKinney did not present any objections to the PSR. Therefore, the court adopted the PSR and its guideline calculation and sentenced McKinney to 292 months on the drug trafficking charge and 120 months on the gun charge, to run concurrently. The Government later filed a motion to reduce the sentence to reward McKinney for his cooperation. Fed. R. Crim. P. 35(b). The court granted the motion and reduced the sentence of imprisonment to 235 months.

Effective November 1, 2007, the Sentencing Commission revised the base offense levels for crack cocaine crimes so that the highest base offense level of 38 applied if the drug quantity attributed to the defendant was more than 4.5 kilograms of cocaine base. The base offense level assigned to a drug quantity of 1.5 kilograms to 4.5 kilograms of cocaine base was 36. USSG App. C, amend. 706 (Nov. 1, 2007), as amended by amend. 711 (Nov. 1, 2007). Amendment 706 was later given retroactive effect. USSG App. C, amend. 713 (Mar. 3, 2008).

McKinney filed a *pro se* motion under § 3582(c)(2) seeking a lower sentence based on the amendments. The court appointed counsel for McKinney. The probation officer prepared a Sentencing Modification Report (SMR) indicating that McKinney was not eligible for a sentence

reduction under § 3582(c)(2) because the undisputed facts in the PSR established that McKinney was responsible for more than 4.5 kilograms of cocaine base. Because McKinney's base offense level of 38 did not change, a sentence reduction was not permitted. *See* USSG § 1B1.10(a)(1) (providing that a court may reduce a sentence under § 3582(c)(2) if the guideline range applicable to that defendant has subsequently been lowered as the result of a listed guideline amendment such as Amendment 706).

The motion for a sentence reduction was assigned to a district judge who did not sentence McKinney originally. The court considered the record, the parties' briefs, the PSR, the SMR, the sentencing factors under 18 U.S.C. § 3553(a), and the Sentencing Commission's policy statement in USSG § 1B1.10. The court decided that, while the original PSR contained information from which the court could readily draw the conclusion that McKinney was responsible for more than 4.5 kilograms of cocaine base, the only finding the court located in the original PSR was that the offense involved more than 1.5 kilograms of cocaine base. Because the base offense level for 1.5 kilograms to 4.5 kilograms of cocaine base was 36, the court determined that McKinney was eligible for a two-level reduction, but requested additional briefs from the parties on how the court should exercise its sentencing discretion.

The parties filed supplemental briefs, and the Government filed a second Rule 35(b) motion asking the court to shorten McKinney's prison term based on cooperation. The case was reassigned to the sentencing judge to rule on both the § 3582(c)(2) motion and the Rule 35(b) motion.

The sentencing judge determined that McKinney was not eligible for a sentencing reduction under § 3582(c)(2) because the court was free to make a new drug quantity determination based on the original sentencing record, including the portions of the PSR to which McKinney did not object,

so long as the finding was not inconsistent with any finding made at the original sentencing, citing *United States v. Moore*, 582 F.3d 641, 646 (6th Cir. 2009), and *United States v. Blackmon*, 380 F. App'x 498, 501 (6th Cir. 2010). The court made the express finding that McKinney was responsible for more than 4.5 kilograms of cocaine base as a result of the offense conduct described in the original PSR to which McKinney did not object. The court explained that its new finding was not inconsistent with the PSR's use of the base offense level applicable to more than 1.5 kilograms because 4.5 kilograms is more than 1.5 kilograms. The court did not specify which paragraphs of the PSR led the court to attribute more than 4.5 kilograms of cocaine base to McKinney, noting that the parties were familiar with the facts.

Because the court found that the highest base offense level of 38 for a drug quantity of more than 4.5 kilograms of cocaine base applied to McKinney, the court held that McKinney was "not entitled to relief" under § 3582(c)(2). The court granted the Rule 35(b) motion, however, and reduced the sentence from 235 months to 214 months.

## II. STANDARD OF REVIEW

In *Dillon v. United States*, ___ U.S. ___, 130 S. Ct. 2683, 2691 (2010), the Supreme Court established a two-step inquiry to determine whether a defendant is entitled to a sentence reduction under § 3582(c)(2). The district court must first determine whether the defendant is eligible for a sentence modification under the policy statements adopted by the Sentencing Commission as well as the extent of any reduction authorized. *Id.* The court must "determine the amended guideline range that would have been applicable to the defendant" if the amendment had been in effect at the time of the original sentencing. *Id.* "We review *de novo* a district court's determination that a

4

defendant is ineligible for a sentence reduction." *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010).

If the district court determines that the defendant is eligible for a sentence reduction, then under the second step of *Dillon* the district court considers the § 3553(a) factors and decides whether, in its discretion, the sentence reduction is warranted under the circumstances. *Dillon*, 130 S. Ct. at 2692. We review that decision for an abuse of discretion. *Watkins*, 625 F.3d at 280. A court "abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or applies the incorrect legal standard." *Id.*

### III. ANALYSIS

McKinney first argues that the district court's explanation for denying his § 3582(c) motion is unclear and this Court cannot discern whether the *Dillon* procedure was followed. On the one hand, he argues, the district court's ruling that McKinney was "not entitled to relief" could have been a ruling that he was ineligible for a sentence reduction, which is subject to *de novo* review. On the other hand, the district court may have denied relief at the second step because it built upon the first judge's rulings, and if that is so, the decision is subject to review for an abuse of discretion. Because appellate review is not possible, he contends, a remand is necessary.

We need not tarry long on this point. It is clear to us that the district court denied the § 3582(c)(2) motion on the ground that McKinney is not eligible for relief at the first step of the *Dillon* procedure. Therefore, our review is *de novo.*

We disagree with McKinney's next assertion that the district court failed to explain sufficiently the basis for its drug quantity determination. The district court did not specify the particular paragraphs of the PSR on which it relied, but the court referred to the undisputed facts in

5

the PSR which were "well-known to the parties" to find that McKinney was responsible for more than 4.5 kilograms of cocaine base. A defendant who fails to object to the PSR accepts all of the factual allegations contained in it, *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc), and because McKinney did not object at sentencing to the facts contained in his PSR, he will not now be heard to complain that the information is unreliable.

Our review of the PSR confirms that paragraphs 170 and 171 alone establish that McKinney was responsible for six kilograms of cocaine base. The information contained in those two paragraphs was obtained from a confidential informant. Other paragraphs of the PSR show that multiple additional kilograms of cocaine base were attributable to McKinney, even without considering the information in the PSR concerning McKinney's proffer to the Government.

We specifically stated in *Moore* that, "[s]ince 4.5 kilograms is more than 1.5 kilograms, a new factual finding of the higher quantity is not inconsistent with the court's determination at Moore's original sentencing" where the court attributed 1.5 kilograms of cocaine base to the defendant. *Moore*, 582 F.3d at 646. We remanded for further proceedings in *Moore* only because "no factual finding definitively linked Moore with 4.5 kilograms of cocaine base." *Id.* In *Blackmon* we affirmed the denial of a sentence reduction because the defendant had stipulated to and admitted specific facts showing that his crime involved more that 4.5 kilograms of cocaine base, and therefore, he was not eligible for a sentence reduction under § 3582(c)(2). *Blackmon*, 380 F. App'x at 501. McKinney does not address *Moore* or *Blackmon*, but these cases control our decision.

## IV. CONCLUSION

Based on the undisputed facts in the PSR, the district court made an express finding definitively linking McKinney to more than 4.5 kilograms of cocaine base. As *Dillon* requires, the

district court determined the amended guideline range that would have been applicable to McKinney if Amendment 706 had been in effect at the time of the original sentencing. Because the applicable guideline range was not lowered as a result of Amendment 706, McKinney was not eligible for a sentence reduction under § 3582(c)(2). USSG § 1B1.10(a)(1). Accordingly, we **AFFIRM**.