NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0130n.06

Case No.13-2524

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Feb 13, 2015<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE WESTERN |
| ERNESTO MCKINNEY, | ) | DISTRICT OF MICHIGAN |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |
| _____/ | ) |  |

**Before: COLE, Chief Judge; KEITH and BATCHELDER, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge.** Defendant-Appellant Ernesto McKinney appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Because the district court did not err in denying the motion, we **AFFIRM**.

## I. BACKGROUND

McKinney pleaded guilty in 2004 to conspiracy to possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and an unspecified amount of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii). The Presentence Investigation Report ("PSR") prepared for sentencing stated that McKinney's "criminal activity involved more than 1.5 kilograms of cocaine base." PSR ¶ 269. Under the then-applicable U.S. Sentencing Guidelines, more than 1.5 kilograms of cocaine base established a base offense level

of 38. After applying sentencing adjustments, the presentence examiner concluded that McKinney's total offense level was 37, with a criminal history category of IV, resulting in a guideline range for imprisonment of 292 to 365 months. PSR ¶ 349.

McKinney initially objected to the inclusion of the following in his PSR: 1) proffer statements he made to investigators and the presentence examiner[1] and 2) the substantial quantities of drugs attributable to him beyond the minimum threshold quantities. Appellee's Br. at 5; *see also* PSR at addendum. These objections were resolved in a meeting with the presentence examiner. *See* PSR at addendum. McKinney submitted no objections to the PSR to the district court. *See id.* At sentencing, the district judge expressly asked McKinney whether he had any objections to the facts and quantity of cocaine set forth in the PSR, stating, in part:

> Any facts in that [PSR] to which you object, sir? Do you agree that you're responsible for, for example, the quantity of cocaine set forth in the [PSR], which is—I didn't see an objection to it, but these things have a way of coming back to you—more than 1.5 kilograms of crack cocaine? Were you involved with more than 1.5 kilograms of crack cocaine?

R. 819 at 7–8, Page ID# 2147–48. McKinney responded "Yeah" to the district judge's inquiry. *Id.* at 8, Page ID# 2148. The judge then adopted the guideline calculation set forth in the PSR and sentenced McKinney to 292 months on Count 1 and 120 months on Count 15, to run concurrently. *Id.* at 14, Page ID# 2154. The government filed a Federal Rule of Criminal Procedure 35(b) substantial-assistance motion and the district court granted it, thus reducing McKinney's sentence to 235 months. R. 660.

In 2008, McKinney moved for a sentence reduction pursuant to § 3582(c)(2) based on Amendment 706. R. 656, 680. Amendment 706 established that "more than 4.5 kilograms" of cocaine base must be attributable to a defendant to establish the base offense level of 38. U.S.

---

[1]The Guidelines generally limit reliance on proffer-protected information in determining the applicable guideline range. *See* U.S.S.G. § 1B1.8(a) & cmt. 5.

Sentencing Guidelines Manual ("U.S.S.G.") app. C, amend. 706 (2007). The United States

Probation Office prepared a Sentence Modification Report ("SMR"). The SMR recommended no

sentence reduction. It concluded that the quantity of cocaine base attributable to McKinney, set

forth in the original PSR, exceeded more than 4.5 kilograms. As a result, McKinney's base

offense level would not change under Amendment 706. SMR (Aug. 18, 2010) at 8. The district

court agreed with the Probation Office and concluded that McKinney was not entitled to a

sentence reduction. The district court reasoned that the conduct described in the PSR, to which

McKinney had not objected, showed that McKinney was responsible for more than

4.5 kilograms of cocaine base. R. 807 at 3, Page ID# 2123 (citing *United States v. Moore*,

582 F.3d 641, 644 (6th Cir. 2009) ("[A defendant] is bound by the factual allegations in the PSR

to which he did not object.")). The government filed another Rule 35(b) motion and the court

reduced McKinney's sentence to 214 months. R. 809. McKinney appealed.

We affirmed the district court's judgment. *See United States v. McKinney*, 464 F. App'x

444 (6th Cir. 2012) (hereinafter known as *McKinney I*). On appeal, McKinney contended that the

district court's decision was in error because the district court did not specify the particular

paragraphs of the PSR on which it relied. *Id.* at 447. McKinney asserted that this failure made it

impossible to review whether the district court, in making its quantity determination, relied on

the permissible record and not on proffer-protected information or unreliable information from

confidential informants. We rejected this argument. We noted that the district court referred to

the undisputed facts in the PSR to find that McKinney was responsible for more than

4.5 kilograms of cocaine base. *Id.* We stated that, because McKinney did not object at sentencing

to the facts contained in the PSR, "he will not now be heard to complain that the information

[contained therein] is unreliable." *Id.* We also noted that paragraphs 170 and 171, which contain

information obtained from a confidential informant, established that McKinney was responsible for six kilograms of cocaine base. *Id.* Further, we noted that other paragraphs of the PSR showed that "multiple additional kilograms of cocaine base were attributable to McKinney, even without considering the information in the PSR concerning McKinney's proffer to the Government." *Id.* Thus, we concluded that the district court did not err when it concluded that the undisputed facts in the PSR established that McKinney was responsible for a drug quantity of more than 4.5 kilograms of cocaine base. *Id.* at 447–48.

In November 2011, McKinney filed another § 3582(c)(2) motion for a sentence reduction based on the newly enacted Amendment 750. R. 844, 853. Amendment 750 raised the threshold amount of cocaine base necessary to trigger a base offense level of 38 to 8.4 kilograms. U.S.S.G. app. C, amend. 750. In opposing McKinney's motion, the government asserted that the undisputed paragraphs of the original PSR showed that McKinney was responsible for "at least the 8.4 kilogram or more threshold quantity" of cocaine base. R. 931 at 3 (citing PSR ¶¶ 75, 82, 94, 96, 111, 151, 170, 171, 179, 211, 226, 235, 236, 239, 241, 244, 246–47, and 252). Thus, the government contended that the previous finding that McKinney was responsible for "more than 4.5 kilograms of cocaine base" did not preclude the district court from finding McKinney responsible for 8.4 kilograms. *Id.* In apparent agreement, the district court entered a form order denying the § 3582(c)(2) motion. R. 933.

On appeal, we remanded the case with instructions for the district court to enter a new order explaining the grounds for its decision. *United States v. McKinney*, No. 13-1009 (6th Cir. Aug. 29, 2013). On remand, the district court again denied the sentence reduction. R. 948. In doing so, the district court cited paragraphs 75, 82, 94–96, 151, 170–71, and 198 of the PSR, all

of which were undisputed and alone link McKinney to more than 8.4 kilograms of cocaine base. R. 947. McKinney now appeals the district court's denial of his § 3582(c)(2) motion.

## II. ANALYSIS

McKinney contends that the district court erred in denying his motion for a sentence reduction because the paragraphs that the district court cited in making its quantity determination include: 1) proffer-protected information and 2) unreliable information from confidential informants. McKinney acknowledges that we held in *McKinney I* that he waived his right to challenge the reliability of the facts contained in the PSR by failing to object to the PSR during his original sentencing. However, McKinney asserts that we came to this conclusion based on our prior decision in *United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008) (en banc). In *Vonner*, we held that a defendant who fails to object a PSR "accept[s] all of the factual allegations contained in it." *Id.* at 385 (citation omitted). McKinney contends that he should be nonetheless permitted to challenge the facts set forth in the original PSR because, in *United States v. Valentine*, 694 F.3d 665 (6th Cir. 2012), we effectively overruled *Vonner*'s holding related to waiver. Appellant's Br. at 15–16.

Under 18 U.S.C. § 3582(c)(2), a district court may modify a sentence on behalf of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." To determine whether a modification is warranted, the district court follows the two-step inquiry established in *Dillon v. United States*, 560 U.S. 817 (2010). At step one, the court determines the defendant's eligibility for a sentence modification under the Sentencing Commission's policy statements, as well as the extent to which any reduction is authorized. *Id.* at 827. Specifically, the court must "determine the amended guideline range that would have been applicable to the defendant" had the subject

amendment been in effect at the time of the defendant's original sentencing. *Id.* At step two, if the court determines the defendant is eligible for a sentence reduction, the district court considers whether a reduction is warranted under 18 U.S.C. § 3553(a). *Id.*

We review a district court's determination under step one that a defendant is ineligible for a sentence reduction *de novo*. *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010). But we review the factual findings underlying the district court's legal conclusions for clear error. *Valentine*, 694 F.3d at 669 (citation omitted). By contrast, we review the district court's decision under step two for an abuse of discretion. *Watkins*, 625 F.3d at 280.

In this case, the district court did not err in determining that McKinney was not eligible for a sentence reduction under Amendment 750. We held in *McKinney I* that McKinney is bound by the factual averments in the PSR, including the averment that he was responsible for "more than 1.5 kilograms of cocaine base." As we indicated in *McKinney I*, since 8.4 kilograms is more than 1.5 kilograms, a new factual finding of the higher quantity is not inconsistent with the district court's determination at the original sentencing that more than 1.5 kilograms of cocaine base is attributable to McKinney. *See* 464 F. App'x at 447 (citing *Moore*, 582 F.3d at 646). Furthermore, the facts of the PSR, to which McKinney failed to object, "specifically link" McKinney to at least 8.4 kilograms. *See Moore*, 582 F.3d at 645. Although McKinney responds that these facts are unreliable because they contain information from proffer sessions and confidential informants, McKinney indicated at the original sentencing that he did not object to the PSR's inclusion of such information. R. 819 at 8, Page ID# 2148. Moreover, we stated in *McKinney I* that, even if the paragraphs that McKinney alleges to contain proffer-protected information are excluded, the PSR still establishes "multiple additional kilograms" attributable to McKinney. 446 F. App'x at 447.

McKinney's reliance on *Valentine* is also misplaced. In McKinney's opinion, *Valentine* holds as follows: By not objecting to a PSR's statement that the defendant is responsible for more than a certain amount of drugs (*e.g.*, 1.5 kilograms), a defendant does not waive the right to later argue that the PSR fails to show that the defendant is responsible for more than 4.5 kilograms if the defendant lacks an incentive to object to anything higher than 1.5 kilograms. To support this assertion, McKinney cites footnote five of *Valentine*. 694 F.3d at 672 n.5. Of course, it is settled law in this circuit that one panel cannot overrule the published precedent of a prior panel, let alone of the en banc court. *See, e.g.*, *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). Furthermore, the footnote does not stand for the proposition for which McKinney cites it. In this footnote, the court rejected the argument that, in response to a motion for a sentence reduction, the government waives the right to argue that the defendant is responsible for an amount higher than 1.5 kilograms when, at the original sentencing, the government does not present evidence of a higher amount. If anything, this statement would seem to support the United States' position that the PSR establishes that McKinney was responsible for at least 8.4 kilograms of cocaine base even though the PSR states that his "criminal activity involved more than 1.5 kilograms of cocaine base." In any case, the remainder of the footnote, which McKinney cites to support his reading of *Valentine*, is passing dicta. Hence, it has no precedential effect. *See Mich. Spine & Brain Surgeons, PLLC v. State Farm Mut. Auto Ins. Co.*, 758 F.3d 787, 792 (6th Cir. 2014) ("The holding of a decision, which has precedential effect, is to be contrasted with *dicta*, which does not have precedential effect."). Therefore, this dicta cannot modify *Vonner* and the related cases holding that defendants waive the right to challenge the reliability of the information in a PSR by not objecting to it at the original sentencing.

We also find unconvincing McKinney's assertion that he lacked an incentive to challenge the PSR's statement that he was responsible for more than 1.5 kilograms of cocaine base. The record indicates that McKinney did initially challenge the quantities of drugs attributable to him, though this objection was resolved prior to sentencing. Appellee's Br. at 5. Furthermore, at sentencing, McKinney chose not to object to the quantity of drugs contained in the PSR, even after the district court judge expressly warned him that admitting responsibility for more than 1.5 kilograms could have repercussions at a later time. *See* R. 819 at 8, Page ID# 2148. ("[T]hese things have a way of coming back to you . . . ."). Thus, not only did McKinney fail to object to the quantities of drugs attributable to him, he was forewarned about the implications of failing to do so. Consequently, McKinney has failed to present any reason sufficient to excuse his waiver.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment denying McKinney's motion for a sentence reduction.