NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0649n.06

No. 20-3711

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Nov 13, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| CALEB A. LAMBERT, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

Before: NORRIS, SUTTON, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Caleb Lambert pled guilty in 2015 to two counts of armed bank robbery and one count of possessing and brandishing a firearm during those crimes. The district court sentenced him to 121 months' imprisonment. Five years later, he moved for compassionate release under the First Step Act, asserting that he suffers from hydrocephalus, which is a condition that results in swelling around the brain. That condition, Lambert argued, placed him at greater risk of contracting COVID-19 and therefore justified compassionate release. In response, the government argued that release was inappropriate on several grounds, including that Lambert had never documented his condition before filing his motion. That statement was mistaken, since Lambert's presentence report did mention his hydrocephalus. Lambert informed the court of the government's misstatement in a reply brief.

The court later denied his motion in an order stating as follows:

> Defendant's Motion to Reduce Sentence Pursuant to 18 [U].S.C. 3582(C) In Accord With the Provisions of the First Step Act, The Cares Act, and Request for Compassionate Release Amidst the COVID-19 Pandemic is DENIED for the reasons state[d] in the Response Brief. Defendant has failed to demonstrate extraordinary and compelling reasons to justify release.

Order, *United States v. Tesca*, No. 1:15-cr-82 (N.D. Ohio Jun. 30, 2020).

We review denials of compassionate release for an abuse of discretion. *See United States v. Ruffin*, — F. 3d —, 2020 WL 6268582 at *4 (6th Cir. Oct. 26, 2020). A court abuses its discretion by, among other things, relying upon clearly erroneous findings of fact. *See United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009).

Lambert argues only that the district court relied on a clearly erroneous finding of fact, in the form of the government's misstatement that his hydrocephalus was undocumented. But we see no reason to think that the district court relied on the government's misstatement. Lambert corrected the misstatement in a one-page reply brief, which the district court presumably read. And the district court could have confirmed the statement's inaccuracy by simply checking Lambert's presentence report, which it possessed at the time. We are confident that the district court did so. And we otherwise note that Lambert has not contested the Bureau of Prison's finding that Lambert was "a 26 year old inmate" who, at the time of his request for compassionate release, was not "enrolled in any chronic care clinics[,]" had "not suffered a debilitating injury[,]" and was not "considered disabled or unable [to] carry on self-care."

The district court's judgment is affirmed.