996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earl T. MARSHALL, Defendant-Appellant.
 No. 92-3440.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1993.
 
 Before: MARTIN, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Earl Marshall appeals the sentence that he received after pleading guilty to four counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 2
 In the fall of 1990, Earl Marshall engaged in illegal drug trafficking activities. On January 2, 1991, a federal grand jury returned a five-count indictment that charged Marshall with possession with intent to distribute cocaine in the following amounts: (1) 25.21 grams on September 11, 1990; (2) 20.99 grams on November 7, 1990; (3) 27.79 grams on November 29, 1990; and (4) 272.6 grams on November 30, 1990. Marshall was also charged with possession of a firearm during the commission of a drug trafficking offense on November 30, 1990, in violation of 18 U.S.C. § 924(c).
 
 
 3
 On January 17, 1992, Marshall pled guilty to all four drug trafficking counts in accordance with a plea agreement. In the agreement, the United States agreed to dismiss the firearms charge. The plea agreement also contained provisions stipulating that the United States would recommend a two-point reduction in the base offense level under the Sentencing Guidelines due to his "substantial assistance" and a sentence at the low end of the range under the guidelines. Marshall and the United States also agreed that Marshall's base offense level should be enhanced by two points under Sentencing Guidelines § 2D1.1(b)(1) for possession of a dangerous weapon during a drug trafficking offense.
 
 
 4
 On April 28, 1992, the district court held a sentencing hearing and issued a sentence based largely on the recommendations contained in the plea agreement. The district court assigned Marshall a base offense level of thirty and added two points for possession of the firearm. Two points were subtracted for acceptance of responsibility, and the base offense level was also reduced by two points for substantial assistance. The resulting adjusted base offense level was twenty-eight, which, when combined with a criminal history category II, produced a sentencing range of seven years and three months to nine years. The district court sentenced Marshall to a term of imprisonment of seven years and three months, three years of supervised release, and a special assessment of $200. Marshall filed a notice of appeal on May 16, 1992.
 
 
 5
 Marshall raises the issue of whether the district court erred in adopting the factual findings in the presentence report concerning possession of a firearm. Marshall contends that the district court must make a factual determination at a sentencing hearing on the applicability of the firearm enhancement. Sentencing Guidelines § 2D1.1(b)(1) provides that the base offense level be increased by two levels for possession of a gun while committing a drug offense. For a firearms enhancement, the United States need only prove by a preponderance of the evidence that the defendant possessed the weapon during the commission of the offense. United States v. Sanchez, 928 F.2d 1450, 1460 (6th Cir.1991). The dominion over a firearm or the premises where it is located may constitute constructive possession. United States v. Snyder, 913 F.2d 300, 304 (6th Cir.1990), cert. denied, 111 S.Ct. 709 (1991). The United States satisfies its burden when it proves that the defendant was in possession of the weapon during the commission of a drug offense. Sanchez, 928 F.2d at 1460.
 
 
 6
 In this case, the firearms enhancement was predicated on evidence in the presentence report. According to the report, law enforcement officials found cocaine and weapons in Marshall's apartment when they tried to arrest him there. In United States v. Gibson, 985 F.2d 860, 865 (6th Cir.1993), we held that the district court properly relied on the accuracy of the presentence report at sentencing for two defendants who pled guilty to drug charges. A defendant who pleads guilty to a drug crime does not have the right to confrontation and to cross-examination during a sentencing hearing as long as the information relied upon from the presentence report has " 'some minimal indicia of reliability in respect of the defendant's right to due process.' " Id.
 
 
 7
 In this case, the evidence regarding Marshall's possession of a firearm during the commission of a drug offense was sufficiently reliable to provide Marshall due process at sentencing. The United States and Marshall had agreed in the plea agreement to the enhancement for possession of the firearm; therefore, the reliability of the evidence concerning the firearm was not in dispute prior to sentencing. The evidence in the presentence report indicated constructive possession of the firearm because the weapon was found in Marshall's apartment. In addition, the proximity of the cocaine and the weapon reflects the fact that Marshall possessed the gun while committing the drug offense. Therefore, we find that the district court did not err when it relied on the facts described in the presentencing report.
 
 
 8
 For the foregoing reasons, the sentencing determination of the district court is hereby affirmed.
 
 
 9
 BATCHELDER, Circuit Judge, concurring.
 
 
 10
 Although I concur in both the reasoning and the result in this case, I write separately because I believe that the case should properly have been decided on another ground, one which the majority opinion neither alludes to in the recitation of factual background nor addresses as a matter of law. The fact is that the defendant in this case not only entered into the plea agreement recited in the majority opinion, but specifically agreed, as part of that plea agreement, that he waived the right to appeal his sentence. Because the defendant presents nothing to this court which would tend to demonstrate that the plea agreement itself is invalid, or that the facts contained in the presentence report and relied upon by the district court were not those upon which the plea agreement was based, I would hold that the defendant has waived his right to appeal his sentence. Such a holding has been expressly approved in other circuits, see, e.g., United States v. Wiggins, 905 F.2d 51 (4th Cir.1990); United States v. Navarro-Botello, 912 F.2d 318 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992), and has been approved in dicta from this circuit, see United States v. Smith, 918 F.2d 664, 669 n. 1 (6th Cir.1990), cert. denied, 498 U.S. 1125 (1991).