RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0453p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 04-5474

KARSON L. ADKINS,

*Defendant-Appellant.*

> 

Appeal from the United States District Court
for the Western District of Kentucky at Paducah.
No. 03-00031—Thomas B. Russell, District Judge.

Submitted: June 3, 2005

Decided and Filed: November 23, 2005

Before: RYAN, MOORE, and COOK, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Jeffrey P. Alford, HOLLOWAY, LONG & ALFORD, Paducah, Kentucky, for Appellant. Monica Wheatley, Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

RYAN, J., delivered the opinion of the court, in which COOK, J., joined. MOORE, J. (p. 3), delivered a separate opinion concurring in the judgment.

_____

## OPINION

_____

RYAN, Circuit Judge. In this direct appeal, the defendant, Karson L. Adkins, alleges that his Sixth Amendment right to trial by jury was violated because his prison sentence is based, in part, upon facts found by the sentencing judge that were neither admitted by Adkins nor found by a jury. We do not agree. The facts relevant to the district court's determination that Adkins would be sentenced to ten years' imprisonment were meticulously presented in a detailed Presentence Investigation Report (PSR). Adkins failed to object to the PSR and is therefore deemed to have admitted the facts therein. Therefore, we will **AFFIRM** his sentence.

**I.**

Adkins pleaded guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846; possession of pseudoephedrine with intent to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c); and, possession of equipment, chemicals, products, and materials with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6). The indictment attributed to Adkins only a "detectable amount of methamphetamine," and his guilty plea did not state a specific drug quantity. It was, in that respect, a so-called "open" plea. According to the PSR, which was provided to Adkins prior to his sentencing, Adkins possessed 9.59 grams of methamphetamine. Based on this drug quantity, and after an adjustment for Adkins's acceptance of responsibility, the PSR recommended a Guidelines sentence of 92 to 115 months' imprisonment. At the sentencing hearing, the judge asked Adkins's counsel if he and Adkins had reviewed the PSR. Adkins's counsel responded that they had. The judge then asked if there were any objections to the PSR. Adkins's counsel responded that they had no objections to the PSR.

Four months prior to sentencing, the government filed an information and notice pursuant to 21 U.S.C. § 851, stating that Adkins was subject to enhanced penalties because he had previously been convicted of a felony drug offense. Given the prior drug conviction, and the fact that, according to the PSR, the current violation involved more than five grams of methamphetamine, the government argued that Adkins was subject to a mandatory minimum sentence of ten years' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B)(viii). Adkins did not object to any of the facts supporting this sentence. The court sentenced Adkins to the mandatory minimum term of ten years' imprisonment.

**II.**

Adkins argues, for the first time in this appeal, that he was sentenced in violation of his Sixth Amendment right to trial by jury. The PSR asserted that Adkins possessed 9.59 grams of methamphetamine, a fact necessary to sustain Adkins's ten-year mandatory minimum sentence. Assuming that a factual finding by the trial court as to the amount of the drug Adkins possessed would violate his Sixth Amendment right, Adkins is nevertheless not entitled to relief because, by explicitly declining to object to the drug amount attributed to him in the PSR, Adkins admitted that fact. *United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001). Therefore, his Sixth Amendment right to trial by jury, as interpreted by the Supreme Court in a line of cases, up to, and including *United States v. Booker*, 125 S. Ct. 738 (2005), was not violated.

Adkins has presented no other cognizable claims on appeal.

**III.**

Finding no error in Adkins's sentence, we **AFFIRM**.

---

**CONCURRING IN THE JUDGMENT**

---

KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.  I concur in the judgment.  I note that this case involves the application of a mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(viii).  If Adkins had been given a Guidelines sentence, we would vacate and remand for resentencing pursuant to *United States v. Barnett*, 398 F.3d 516 (6th Cir.), *cert. dismissed*, 126 S. Ct. 33 (2005).