NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0386n.06

No. 07-4381

United States Court of Appeals
**FOR THE SIXTH CIRCUIT**

**FILED**
**Jun 25, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff - Appellee, | ) |
| | ) Appeal from the United States |
| v. | ) District Court for the Northern |
| | ) District of Ohio |
| KEVIN L. MURPHY, | ) |
| | ) |
| Defendant - Appellant. | ) |

Before:  BOGGS, MOORE, and GIBSON,[*] Circuit Judges.

PER CURIAM.

Kevin Murphy pled guilty to a five-count indictment, charging him with three counts of transporting individuals for prostitution in violation of 18 U.S.C. §§ 2421 and 3583(k), and two counts of transporting a minor for prostitution in violation of 18 U.S.C. §§ 2423(a) and 3583(k). The district court sentenced Murphy to five concurrent identical sentences of 120 months' imprisonment followed by five years of supervised release.  Murphy appeals his sentence, challenging the district court's enhancement of his sentence for the use of a computer during the commission of an offense

---

[*]The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

and for misrepresenting the identity of a minor to facilitate the commission of the offense. He argues that these enhancements violated his Sixth Amendment right to a trial by jury. We affirm.

A summary of the government's recited facts at the guilty plea hearing included evidence that Murphy ran an escort service and had several adult women and one juvenile female working for him. Murphy had an arrangement with an uncharged individual associated with a national collegiate fraternity, Alpha Phi Alpha. The fraternity held regional and national conventions, which lasted from two to four days. Murphy 's escort service provided female dancers to entertain at these conventions. Murphy would let the conventioneers know that the dancers were available for prostitution. He had an agreement with the dancers that they would receive certain fees for acts of prostitution. Murphy oversaw the operation, from transporting the women to the conventions to making the hotel arrangements. One of the dancers, whom he brought to the conventions and who worked as a prostitute, was under the age of eighteen at the time.

Following the government's recitation of facts, the district court judge asked: "[d]o you have any disagreement with it or do you wish to add anything to it?" Neither Murphy nor his attorney contested the recited facts or offered any additional evidence.

The district court applied two enhancements in computing Murphy's base offense level. The court enhanced Murphy's sentence for use of a computer to persuade, entice, coerce or facilitate the travel of a minor to engage in prohibited sexual contact, U.S.S.G. § 2G1.3(b)(3)(A), and for the misrepresentation of the identity of the minor to induce, coerce, persuade, or facilitate the minor to engage in prostitution, U.S.S.G. 2G1.3(b)(2)(A). On appeal, Murphy contends that his sentence

violates the Sixth Amendment because it was based on facts he never admitted and no jury ever found beyond a reasonable doubt.

It is true that the government's recitation of facts at the guilty plea hearing did not discuss Murphy's use of a computer or evidence about Murphy's misrepresentation of the identity of the minor; however, the presentence report did. The presentence report discussed Murphy's use of a computer to advertise his escort service on the internet. The presentence report also outlined evidence obtained from Murphy's computer, including "pictures of individuals and the minor used to produce advertising fliers and cards" and other evidence that he "used his computer to misrepresent the minor's identity to persuade, induce[,] entice, coerce and facilitate this minor to engage in prostitution." By failing to object to the presentence report, Murphy accepted all of the factual allegations contained in it. *United States v. Adkins*, 429 F.3d 631, 632-33 (6th Cir. 2005).

Furthermore, the district court did not violate Murphy's Sixth Amendment right to trial by jury when it made factual findings regarding the application of two specific offense characteristics. The district court sentenced Murphy within the Guidelines range and treated the Guidelines as advisory. *See United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc) (citing *United States v. Booker*, 543 U.S. 220, 245-46 (2005)).

For the forgoing reasons, the judgment of the district court is affirmed.