**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0210n.06

NO. 09-5549

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Apr 04, 2011

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| DAVID WESLEY TAYLOR, | ) | |
| | ) | |
| *Defendant-Appellant.* | ) | |

**Before: SUTTON and KETHLEDGE, Circuit Judges; and HOOD, Senior District Judge.**[*]

PER CURIAM. Defendant-Appellant David Taylor ("Taylor") appeals the portion of the district court's order of judgment requiring Taylor to pay restitution in the amount of $3,780 to Suntrust Bank. Taylor argues that the amount of restitution ordered by the district court was improper because the amount taken during the robbery was not specified in the indictment, stipulated by the defendant, or found by a jury. The United States argues that the district court did not commit plain error in determining the amount of restitution because Taylor admitted the loss amount during court proceedings.

For the reasons that follow, the district court's order of judgment is **AFFIRMED**.

---

[*]The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I. Factual and Procedural Background

The facts in this case are not in dispute. On January 27, 2009, Defendant robbed the Suntrust Bank at 110 West 10th Street in Chattanooga, Tennessee. Defendant presented a note to a teller that stated, "This is a hold up. Give me all your $100, $50 and $20 in bundles. Do this in 60 seconds or I'll blow your head off. No die [*sic*] packs, don't say anything." PSR at ¶ 5. The teller complied and handed over $3,780 in currency bundled with bank bands. *Id.* Defendant fled the bank with the note and the money. *Id.* The robbery was captured on surveillance video, and Defendant was identified by using still photographs pulled from the video. *Id.* Taylor was arrested after he robbed another bank in Knoxville, Tennessee on January 30, 2009. *Id.*

During the rearraignment hearing, Taylor was advised by the district court that he might have to pay restitution. (R.25 at 9). When the United States was reciting the factual basis of the case, the Assistant United States Attorney stated that after Taylor requested the money from the bank teller that "[t]he teller complied and gave the subject approximately $3800 in United States currency." (R. 25 at 12). When asked if the basic facts recited were true, Taylor responded affirmatively. (R. 25 at 14). The district court accepted Defendant's guilty plea and set the matter for sentencing.

At the sentencing hearing, the district court relied on the PSR to determine the applicable sentencing range pursuant to the guidelines. The PSR classified Taylor as a career offender under USSG § 4B1.1(b)(C) based on two counts of bank robbery in 1993 and three counts of bank robbery in 2002, which qualified as crimes of violence. Thus, Taylor's base level was 32, which was reduced by three levels due to Taylor's acceptance of responsibility and resulted in a total offense level of 29. Given his criminal history category of VI, the PSR calculated Defendant's Guidelines range to

be 151 to 188 months of imprisonment. Neither the United States nor Taylor filed objections to the PSR.

At the sentencing hearing, the district court determined that the PSR accurately reflected the applicable guideline range. The district court listened to statements from Taylor. The United States noted that, while this was Taylor's sixth bank robbery, he was arrested following a seventh bank robbery for which he had not been charged and asked the district court to sentence defendant at the top of the Guidelines range.

The district court, after considering the 18 U.S.C. § 3553(a) factors, sentenced Defendant to a within-Guidelines sentence of 188 months' imprisonment, recommended that Defendant receive 500 hours of substance abuse treatment, and ordered Taylor to pay restitution to Suntrust Bank in the amount of $3,780, the amount given to Taylor by the bank teller. The district court described the method by which payments were to be made until restitution had been paid in full.

The district court asked at the end of the sentencing hearing whether there were "any objections to anything that has occurred in this case that have not been ruled upon by the Court." (R. 23 at 17). Defendant responded: "No, Your Honor, there's nothing pertaining to this case..." *Id.*

Taylor timely appealed.

## II. Standard of Review

Generally, this Court reviews the amount of restitution ordered by the district court under an abuse-of-discretion standard. *United States v. Batti*, 631 F.3d 371, 379 (6th Cir. 2011). However, where, as here, the defendant failed to object to restitution at sentencing, the district court's restitution order is reviewed for plain error. *See United States v. Schulte*, 264 F.3d 656, 660 (6th Cir.

3

2001) (citing *United States v. Hall*, 71 F.3d 569, 573 (6th Cir. 1995)). "To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Id.* (citing *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

## III. Discussion

As an initial matter, we note that restitution in this matter was proper pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA") because this crime is classified as a "crime of violence" under 18 U.S.C. § 3663A(c)(1). However, Taylor argues that, because restitution is inherently punitive in nature, the defendant must admit or a jury must determine the amount of restitution. While Taylor argues that the amount ordered by the district court for restitution was not proven or admitted, and therefore the district court erred by setting the amount at $3,780, his argument fails because he did admit the amount.

During his plea colloquy, the United States Attorney stated that Taylor fled the bank robbery with "approximately $3,800," and thereby identified the amount of loss to Suntrust Bank. Taylor stated to the district court judge that he admitted the facts as presented at that time. Furthermore, the PSR stated that "[t]he teller complied and handed over $3,780 in currency bundled with bank bands." (PSR, ¶ 5, 83). Defendant failed to file any objection to the PSR and failed to raise any objection to the amount at the time of sentencing. A defendant's statement that he does not have any objections to the content of the PSR constitutes an admission of the facts contained in the PSR. *United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001); *see also United States v. Adkins*, 429 F.3d 631 (6th Cir. 2005). Thus, the amount of loss was admitted by Taylor, both with respect to the

4

facts stated by the United States during his plea colloquy as well as by his acquiescence to the PSR, and the district court's decision to direct him to pay that amount in restitution was not error.

Taylor fails to develop his argument regarding *United States v. Booker,* 543 U.S. 220, 232 (2005), in his brief and, therefore, it is waived. *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a skeletal way, leaving the court to put flesh on its bones." (citing *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997)). Nonetheless, contrary to Defendant's argument, the instant case does not represent a violation of *Booker* because the amount of loss is not an element of the offense in this matter and because the amount of restitution may be determined by the district court as described in the MVRA. *See* 18 U.S.C. § 2113(a); 18 U.S.C. § 3664(f)(1)(A); *United States v. Johnson*, 440 F.3d 832, 849 (6th Cir. 2006) (citing *United States v. Sosebee*, 419 F.3d 451, 461 (6th Cir. 2005)).

Finally, Taylor filed, *pro se*, a supplemental brief before this Court. For the first time, Taylor argues, *inter alia*, that restitution was not proper in this case and that he was improperly classified as a career offender. Because he was represented by counsel, we decline to address these arguments. *See United States v. Martinez,* 588 F.3d 301, 328 (6th Cir. 2009). That said, the Court has reviewed his arguments and finds they lack merit.

## VI. Conclusion

For the foregoing reasons, the district court's order of judgment is **AFFIRMED**.