NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0605n.06

**No. 16-4081**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Nov 01, 2017 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE** |
| TERRY A. DAVY, | ) | **NORTHERN DISTRICT OF** |
| | ) | **OHIO** |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE: GIBBONS, COOK, and THAPAR, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Terry Davy pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The United States Probation Office recommended a total offense level of 26, calculated from a base offense level of 24 under USSG § 2K2.1(a)(2) due to Davy's two prior felony convictions, plus a two-level enhancement pursuant to USSG § 2K2.1(b)(4)(A) because the firearm in question was stolen. At sentencing, the government agreed to a three-level reduction for acceptance of responsibility under USSG § 3E1.1. The district court followed the recommendation and sentenced Davy to an in-guideline 110 months' imprisonment. Davy did not object to the sentencing calculation.

Davy has now challenged his sentencing on appeal. Additionally, the government has filed a motion for this Court to take judicial notice of facts contained in state court documents pertaining to one of Davy's prior felony convictions. For the reasons addressed below, we grant the government's motion to take judicial notice and affirm the district court's sentence.

I.

On February 21, 2016, Cleveland police initiated a traffic stop when Terry Davy failed to use a turn signal before making a turn. After pulling over, however, Davy and another individual fled the vehicle on foot. While fleeing, Davy attempted to hide a loaded firearm in a fenced courtyard. Officers subsequently detained Davy and his passenger and recovered the firearm.

Davy was indicted on March 9, 2016, on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On May 2, 2016, Davy pled guilty to the indictment without a plea agreement.

The United States Probation Office prepared a presentence report (PSR), which calculated a base offense level of 24 under USSG § 2K2.1(a)(2) due to Davy's two prior felony convictions for crimes of violence or controlled substance offenses. The PSR also recommended a two-level enhancement pursuant to USSG § 2K2.1(b)(4)(A) because the "firearm possessed by [Davy] was stolen." DE 24, PSR, Page ID 119. The PSR did not include any reduction in the offense level for acceptance of responsibility, but at the sentencing hearing, the government agreed to a three-level reduction on that ground. Accordingly, the district court found a total offense level of 23, corresponding with a recommended guideline range of 92 to 115 months.

Except for requesting a reduction for acceptance of responsibility, Davy did not object to the sentencing calculations in the PSR nor did he object to the sentencing calculations employed at the hearing. Instead, Davy merely argued for a downward variance based upon his personal history and characteristics. The district court, however, denied this request and sentenced Davy to 110 months of incarceration with three years of supervised release.

Immediately following the issuance of the sentence, the district court asked Davy's counsel if he had any objection, to which counsel responded: "It's an in-Guideline sentence

based on calculations[,] so no objection." DE 38, Sentencing Tr., Page ID 243. Despite the lack of objections at or before the hearing, however, Davy appealed, challenging his sentencing calculation on various grounds.

In response to one of Davy's challenges, the government has filed a motion for this Court to take judicial notice of the fact that Davy was convicted under a specific subsection of Ohio's felonious assault statute. The motion was subsequently referred to this panel.

## II.

Because Davy failed to object to his sentencing calculation in the PSR or at the sentencing hearing, his appeal is reviewed for plain error. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008); *see also* FED. R. CRIM. P. 52(b). To satisfy plain error review, the appellant must show "(1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Vonner*, 516 F.3d at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

## III.

Davy challenges his sentence on three grounds. First, he contends that the district court erred in finding that his prior felonious assault conviction in Ohio qualified as a crime of violence under USSG § 2K2.1(a)(2) because Ohio's felonious assault statute is divisible and the district court did not apply a modified categorical analysis to determine under which subsection of the statute he was convicted. Second, he contends the district court failed to adequately explain its reasoning for denying his request for a downward variance. Third, he contends the district court erred in relying on the presentence report to find the firearm in his possession was stolen for purposes of the USSG § 2K2.1(b)(4)(A) enhancement because the allegations in the

3

report lacked sufficient indicia of reliability. As explained below, all three challenges are unavailing.

A.

Pursuant to USSG § 2K2.1(a)(2), a defendant qualifies for a base offense level of 24 if the crime was committed "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(a)(2) (U.S. SENTENCING COMM'N 2016). Here, the sentencing calculation in the PSR relied on two prior felony convictions for applying the § 2K2.1(a)(2) enhancement: (1) a federal conviction for possessing with intent to distribute cocaine base and (2) an Ohio conviction for felonious assault. Although Davy failed to challenge the application of USSG § 2K2.1(a)(2) prior to his sentencing, and even calculated a base offense level of 24 in his own sentencing memorandum,[1] he now asserts for the first time on appeal that the district court committed plain error when it failed to review the applicable state court documents under a modified categorical approach and instead relied solely on the allegations in the PSR to determine that his Ohio felonious assault conviction qualified as a crime of violence. However, while the district court did err in failing to apply the modified categorical approach to calculate Davy's base offense level, this failure does not constitute plain error because the state court documents provided by the government in its motion demonstrate that Davy's felonious assault conviction does, in fact, qualify as a crime of violence.

---

[1] Davy also did not challenge the application of USSG § 2K2.1(a)(2) for his base offense level during his appeal of the sentencing for a prior felon in possession conviction. *See United States v. Davy*, 433 F. App'x 343, 345–48 (6th Cir. 2011).

A "crime of violence" under USSG § 2K2.1(a)(2) is defined as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a) (U.S. SENTENCING COMM'N 2016); *see id.* § 2K2.1 cmt. n.1 ("'Crime of violence' has the meaning given that term in §4B1.2(a)."). Ohio's felonious assault statute prohibits the following conduct:

(A) No person shall knowingly do either of the following:

> (1) Cause serious physical harm to another or to another's unborn;

> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

(B) No person, with knowledge that the person has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, shall knowingly do any of the following:

> (1) Engage in sexual conduct with another person without disclosing that knowledge to the other person prior to engaging in the sexual conduct;

> (2) Engage in sexual conduct with a person whom the offender knows or has reasonable cause to believe lacks the mental capacity to appreciate the significance of the knowledge that the offender has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome;

> (3) Engage in sexual conduct with a person under eighteen years of age who is not the spouse of the offender.

OHIO REV. CODE ANN. § 2903.11.

As this Court has previously recognized, while "subsection A of [Ohio's] felonious assault statute qualifies as a violent felony, subsection B, which prohibits persons who know that

they have HIV or AIDS from engaging in sexual conduct under certain circumstances, does not readily qualify as a violent felony." *United States v. Anderson*, 695 F.3d 390, 402 (6th Cir. 2012). Therefore, a conviction under subsection A qualifies as a crime of violence under USSG § 2K2.1(a)(2), but a conviction under subsection B does not. *See United States v. Hibbit*, 514 F. App'x 594, 597 (6th Cir. 2013). Accordingly, Ohio Rev. Code § 2903.11 is what is known as a "divisible statute," and when considering prior convictions under divisible statutes at sentencing, courts should employ a "modified categorical approach" "to determine which alternative [subsection] formed the basis of the defendant's prior conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

Under a modified categorical approach, courts "look beyond the statutory language and examine certain state-court documents (the '*Shepard* documents') to determine whether the conviction necessarily depended on the commission of a crime of violence." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012) (citing *United States v. McMurray*, 653 F.3d 367, 372 (6th Cir. 2011)); *see also Shepard v. United States*, 544 U.S. 13, 16–17 (2005). "Such documents can include the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented . . . .'" *Rede-Mendez*, 680 F.3d at 556 (quoting *Shepard*, 544 U.S. at 16); *see Anderson*, 695 F.3d at 402 ("[A] 'court may consider the indictment, guilty plea, or similar documents to determine whether they necessarily establish the nature of the prior conviction.'") (quoting *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010)). Importantly, however, using "the factual description of a prior conviction contained in a PSR to determine if the prior conviction is a 'crime of violence' does 'not adhere to the dictates of . . . *Shepard*.'" *United States v. Wynn*,

579 F.3d 567, 575–76 (6th Cir. 2009) (quoting *United States v. Bartee*, 529 F.3d 357, 361 (6th Cir. 2008)).

In this case, the district court failed to apply the modified categorical approach. Instead, the court relied on the information contained in the PSR to find that Davy's felonious assault conviction qualified as a crime of violence under USSG § 2K2.1(a)(2). Because "'a PSR prepared for a federal district-court sentencing can never be a record of a convicting state court,' and thus it 'may not properly be considered [to determine eligibility for a sentence enhancement],' . . . the district court erred in relying on the PSR," notwithstanding Davy's failure to either raise the issue or object to the calculation during sentencing. *United States v. Ferguson*, 681 F.3d 826, 832 (6th Cir. 2012) (quoting *Wynn*, 579 F.3d at 577 and *United States v. France*, 394 F. App'x 246, 248 (6th Cir. 2010)) (alterations in original). This failure, however, does not end our analysis.

In response to Davy's argument on appeal, the government has asked this Court to take judicial notice of the fact that Davy was in fact convicted under subsection A of Ohio Rev. Code § 2903.11 based on three Ohio state court *Shepard* documents pertaining to his felonious assault conviction: the indictment and two state-court "journal entries" detailing his plea and sentencing. Federal Rule of Evidence 201 provides that "at any stage of the proceeding," "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b), (d). "Judicial records are a source of 'reasonably indisputable accuracy' when they record some judicial action such as dismissing an action, granting a motion, or finding a fact." *Ferguson*, 681 F.3d at 834 (quoting 21B Charles Alan Wright et al., *Federal Practice and Procedure* § 5106.4 (2d ed. 2005)). Accordingly, this Court on appeal may take judicial notice

7

of facts contained in state court documents pertaining to Davy's prior conviction so long as those facts can be accurately and readily determined. *Id.* at 834–35 (applying Rule 201 to judicially notice facts supported by state court documents not included in the record on appeal).

Further, because Davy did not object to the application of USSG § 2K2.1(a)(2) at sentencing, this Court reviews the district court's failure to use the modified categorical approach under the plain error standard, the third prong of which requires that the error "affected [the] defendant's substantial rights." *Vonner*, 516 F.3d at 386. "A sentencing error affects a defendant's substantial rights when there is a reasonable probability that, but for the error, [the defendant] would have received a more favorable sentence." *Ferguson*, 681 F.3d at 833 (quoting *United States v. Wilson*, 614 F.3d 219, 223 (6th Cir. 2010)) (alterations in original). Therefore, if upon review of the *Shepard* documents now presented by the government in its Motion to Take Judicial Notice, we determine that Davy's felonious assault conviction does in fact qualify as a crime of violence, the district court's failure to conduct its own modified categorical analysis before reaching this conclusion will have had no effect on Davy's substantial rights and would not rise to the level of plain error. *See id.* at 833–36 (affirming a sentence enhancement under plain error review where the district court erroneously relied on information in the PSR because the *Shepard* documents noticed by this Court on appeal demonstrated the defendant was eligible for such an enhancement); *United States v. Wyatt*, 189 F. App'x 418, 422 (6th Cir. 2006) (defendant's substantial rights were not affected where the state court indictments, presented for the first time on appeal, demonstrated his eligibility for the sentence enhancement).

Davy correctly does not dispute that the indictment and journal entries presented by the government are legitimate *Shepard* documents or that this Court may review these documents on appeal. *See United States v. Adkins*, 729 F.3d 559, 568 (6th Cir. 2013) (finding an Ohio state

court journal entry to be a "valid *Shepard* document that is properly considered by a court in determining the nature of a prior conviction"). Instead, Davy's opposition to the government's motion rests solely on his claim that there are certain factual discrepancies in the documents that leave the question of whether Davy's conviction was under subsection A of the felonious assault statute in "reasonable dispute." Our review of the *Shepard* documents, however, does not reveal any factual discrepancies that place the question of which subsection Davy was convicted under into reasonable dispute.

Although it does not specify the subsection of the statute under which he was charged, Davy's felonious assault indictment alleges that Davy "did knowingly cause serious physical harm to [redacted] and/or did knowingly cause or attempt to cause physical harm to [redacted] by means of a deadly weapon or dangerous ordnance . . . ." CA6 R. 36, Reply to Resp. to Mot. to Take Judicial Notice, at 10. This language almost exactly tracks the language from subsection A of the Ohio statute. *See* OHIO REV. CODE ANN. § 2903.11(A). Furthermore, the journal entries state that Davy "enter[ed] a plea of guilty to felonious assault R. C. 2903.11 . . . as amended in count one" and subsequently "ple[]d guilty to felonious assault ORC 2903.11 . . . as amended in count 1." CA6 R. 36, Reply to Resp. to Mot. to Take Judicial Notice, at 13–14.

As this Court has previously held under similar circumstances, "[w]here the charging document closely tracks the statutory language of the relevant subsection, the fact that the subsection is not *also* identified by its number does not create any reasonable doubt about which subsection has been charged." *United States v. Robinson*, 333 F. App'x 33, 36 (6th Cir. 2009); *see Hibbit*, 514 F. App'x at 597–98 ("The indictment in this case conclusively shows that Defendant was convicted under subsection A. The indictment states, Defendant 'unlawfully did knowingly cause serious physical harm to Richard Johnson.' This language tracks the statutory

language of Ohio Rev. Code § 2903.11(A)(1) . . . ."). Accordingly, because the indictment language is nearly identical to the language in subsection A and entirely different from the language in subsection B, there is no reasonable doubt that Davy was convicted under subsection A of the statute.

Davy's unpersuasive claim of factual discrepancies in these documents does not alter this conclusion. Indeed, Davy does not actually present any evidence calling into question the fact that he was convicted under subsection A of Ohio's felonious assault statute but merely speculates about the possibility of a discrepancy existing. Specifically, Davy speculates that because of the reference to an amendment to count one in the indictment and the existence of only one count in the indictment initially presented by the government while three counts are mentioned in the journal entries, there is a possibility of a superseding indictment or some other change to count one that creates reasonable doubt concerning under what subsection he was indicted. However, the government, which only provided the first page of the indictment in its motion, clarified in its reply the existence of three counts in the indictment and journal entries by producing the final two pages of the indictment—detailing counts two and three. Further, the journal entry explains that count one was amended "to delete [the] firearm spec[ification]" that was included in the indictment, and there is no indication that it otherwise amended count one so that it no longer applied to subsection A of the felonious assault statute. CA6 R. 36, Reply to Resp. to Mot. to Take Judicial Notice at 10, 13. Therefore, we take judicial notice of the fact that Davy was convicted under subsection A of Ohio Rev. Code § 2903.11. As a result, Davy qualified for a base offense level of 24 under USSG § 2K2.1(a)(2), and the district court's failure to employ the modified categorical approach before applying USSG § 2K2.1(a)(2) did not affect his ultimate sentence and does not rise to the level of plain error.

B.

Davy next contends that the district court failed to provide an adequate explanation for its denial of his variance request and did not properly discuss the sentencing factors in 18 U.S.C. § 3553(a), thus rendering his sentence procedurally unreasonable. However, while less than ideal, the explanation evidenced in the record is more than sufficient to satisfy the standard of review.

A district court commits procedural error when it "fail[s] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). When explaining the sentence, the district court must provide a statement of reasons sufficient "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). "Although the district court need not explicitly discuss each § 3553(a) factor, the statement of reasons must demonstrate that the district court at least considered each factor when determining the appropriate sentence." *United States v. Kamper*, 748 F.3d 728, 739 (6th Cir. 2014).

In his sentencing memorandum and at the sentencing hearing, Davy requested a downward variance due to his personal history and characteristics, namely: (1) his parents' drug addictions, (2) witnessing his father's murder at age eight, (3) his mother's incarceration at age twelve, (4) obtaining his GED, (5) some recent work history as a forklift driver, and (6) his generally good relationships with his wife and step-children and with his two children from previous relationships. The district court expressly considered Davy's argument, telling him that his "history and characteristics . . . helps you a bit, it makes you somewhat less blameworthy that you grew up in troubled circumstances and had difficulty as a child. Sounds like most of that was caused by your mother and her drug use, but it probably makes you somewhat less

11

blameworthy." DE 38, Sentencing Tr., Page ID 238–39. The court also noted "you've had some, you know, work record. You've got some -- got a girlfriend, you've got a couple children [with whom it] appears that you've had a close relationship . . . ." *Id.* at 240. But the court ultimately concluded, "it was more important [to Davy] to carry the guns than to have time with [his] children" and in order "to reflect just punishment, afford adequate deterrence, protect the public, and reflect the seriousness of the offense," the court needed to impose a sentence greater than Davy's previous 92-month sentence from a prior felon in possession conviction. *Id.* at 240–41.

Although its discussion fails to explicitly mention every particular aspect of Davy's personal history and character raised in his request—and mistakenly refers to Davy's wife as his girlfriend—the district court's explanation for its sentence nevertheless demonstrates that it considered Davy's argument and rejected it in light of the 18 U.S.C. § 3553(a) factors. Certainly the district court could have said more, but it is not required to "give the reasons for rejecting any and all arguments by the parties for alternative sentences," particularly when the imposed sentence falls within the Guidelines range. *Vonner*, 516 F.3d at 387; *see United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008) ("Even where, as here, the defendant presents an arguably nonfrivolous reason for imposing a sentence below the Guidelines range, the judge is not always required to address the specific argument."); *see also Rita*, 551 U.S. at 356 ("Sometimes a judicial opinion responds to every argument; sometimes it does not . . . . The law leaves much, in this respect, to the judge's own professional judgment."). The district court specifically referred to several aspects of Davy's argument, including his mother's drug use, his job history, and his positive relationships with his children, and it provided a not insubstantial three-page discussion for why it concluded that the § 3553(a) factors, particularly deterrence and

the need to protect the public, supported a sentence in the upper range of the Guidelines despite Davy's mitigating personal characteristics and history. Therefore, the district court's reasoning considered both Davy's argument and the § 3553(a) factors, and his sentence was not procedurally unreasonable. *See United States v. Simmons*, 587 F.3d 348, 359 (6th Cir. 2009) (noting two-and-a-half pages of analysis at sentencing "is terse, but certainly not per se inadequate" and "surely does not overcome the deference we must accord lower courts").

Moreover, regardless of whether the district court's explanation here was technically sufficient, any potential error was not "plain." Indeed, in this Court's prior decision in *Vonner* we found a significantly shorter and vaguer sentencing explanation than the one at issue here to be sufficient under the plain error standard. 516 F.3d at 386–89. Similarly to the present case, Vonner had requested a downward variance due to: (1) his neglected and abusive childhood; (2) his 14-month presentence confinement; (3) his assistance to the Government; and (4) the circumstances surrounding his cocaine sales. *Id.* at 386. At sentencing, the district court stated that it "'appreciate[d] the apology [he] offered this morning,' and it 'encouraged' him to continue to cooperate with the government and to dedicate his prison time to learning 'certain life skills and lifestyles that will be of benefit to [him] when [his] period of incarceration is over.'" *Id.* (alterations in original). The district court then explained that it had "considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 [U.S.C. §] 3553(a)," before denying Vonner's request for a downward variance. *Id.* This Court found that even this "brief explanation" could not be shown to "*plainly* violate[]" the trial court's "duty to 'analyze[] the relevant sentencing factors' and [Vonner's] arguments for leniency." *Id.* at 387–88 (first alteration in original). Accordingly, just as the district court's reasoning in *Vonner* was sufficient

13

to overcome the plain error standard, the more substantial and specific reasoning here is also sufficient under that highly deferential standard.

C.

Davy's final argument on appeal is that the district court erred in applying a two-level stolen firearm enhancement under USSG § 2K2.1(b)(4)(A), a finding which relied on two uncontested statements in the PSR: (1) "The officers determined that the firearm was stolen" and (2) "The firearm possessed by [Davy] was stolen."[2] DE 24, PSR, Page ID 118–19. Davy contends that these two statements lacked the sufficient indicia of reliability required by Fifth Amendment Due Process and prescribed by USSG § 6A1.3(a) for the district court to rely on them in applying the enhancement. This argument is unavailing because Davy admitted that the firearm found in his possession was stolen when he failed to object to that fact being in the PSR, an admission which provides the sufficient indicia of reliability.

Under Federal Rule of Criminal Procedure 32, a district court "may accept any undisputed portion of the presentence report as a finding of fact." FED. R. CRIM. P. 32(i)(3)(A); *see also Vonner*, 516 F.3d at 385 (recognizing that a defendant's failure to object to the presentence report constitutes an acceptance of all factual allegations contained within it); *United States v. Adkins*, 429 F.3d 631, 632–33 (6th Cir. 2005) (same). Accordingly, when a defendant fails to object to factual statements contained in a PSR, those statements are no longer mere allegations but become admissions sufficient to support factual findings relevant to sentencing without the need for any independent factual findings. *See United States v. Treadway*, 328 F.3d 878, 886 (6th Cir. 2003) ("We can find no reason to require a district court to make independent

---

[2] In addition to the PSR statements, during the sentencing hearing, the government twice referred to the firearm being "stolen out of Maple Heights." DE 38, Sentencing Tr., Page ID 226–27. These statements were made after the district judge found that "the firearm [Davy] possessed had been stolen" but before the sentence was handed down. *Id.* at 224. No objection was made to these statements.

14

findings outside the PSR when the facts are undisputed."); *see also United States v. Kennedy*, 595 F. App'x 584, 587–88 (6th Cir. 2015) ("When the facts in a PSR are undisputed, we repeatedly have held that the district court may rely on those undisputed facts and does not need to find those facts independently.").

It is true that Fifth Amendment Due Process requires at least "some minimal indicium of reliability beyond mere allegation" to support factual findings relevant to sentencing. *United States v. Silverman*, 976 F.2d 1502, 1504 (6th Cir. 1992) (quoting *United States v. Baylin*, 696 F.2d 1030, 1040 (3d Cir. 1982). Likewise, the sentencing guidelines provide that relevant information in a sentencing determination must have "sufficient indicia of reliability to support its probable accuracy." U.S. SENTENCING GUIDELINES MANUAL § 6A1.3(a) (U.S. SENTENCING COMM'N 2016). However, a defendant's admission of a fact satisfies the relatively low minimal-indicia-of-reliability standard for that fact. *See United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001) ("Defendant's factual admissions in this case obviate any possible concerns about the proper standard of proof."); *see also United States v. Marshall*, No. 92-3440, 1993 WL 241827, at *2 (6th Cir. 1993) ("[T]he evidence regarding Marshall's possession of a firearm during the commission of a drug offense was sufficiently reliable to provide Marshall due process at sentencing. The United States and Marshall had agreed in the plea agreement to the enhancement for possession of the firearm; therefore, the reliability of the evidence concerning the firearm was not in dispute prior to sentencing."). Further, the language of USSG § 6A1.3(a) specifically limits its requirement for "sufficient indicia of reliability" to situations where the "factor important to the sentencing determination is reasonably in dispute," and an admitted fact by definition cannot be reasonably in dispute.

Here, Davy not only failed to object to any factual allegations in the PSR at the sentencing hearing, but his own sentencing memorandum included the calculation of a two-level enhancement for a stolen firearm. As a result, Davy admitted all of the factual allegations contained in the PSR, including the statements that the firearm in his possession was stolen.[3] *See Vonner*, 516 F.3d at 385; *Adkins*, 429 F.3d at 632–33; *see also Taylor*, 418 F. App'x at 402. Therefore, because Davy admitted the firearm in his possession was stolen, that fact is not in dispute and the district court did not commit plain error in relying on the statements in the PSR to apply the sentencing enhancement.

IV.

For the reasons stated above, we grant the government's motion to take judicial notice and affirm the sentence imposed by the district court.

---

[3] Even now on appeal, Davy does not dispute—let alone present evidence against—the finding that the firearm in his possession was stolen. *See United States v. Geerken*, 506 F.3d 461, 467 (6th Cir. 2007) ("When a defendant fails to produce any evidence to contradict the facts set forth in the PSR, a district court is entitled to rely on those facts when sentencing the defendant.").