NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0013n.06

No. 21-1334

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARIUS ADRIAN MASTAN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

**FILED**
Jan 05, 2022
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN

Before: GILMAN, KETHLEDGE, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. Marius Adrian Mastan pled guilty to conspiracy to commit financial-institution fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. Mastan appeals his sentence, arguing that the district court plainly erred in failing to grant him a mitigating-role adjustment. We affirm.

Beginning in September 2019, Mastan and a co-conspirator, Ioan Flore, installed skimming devices and pin-hole cameras on ATMs in Michigan, Nebraska, and Iowa. Mastan, Flore, and other members of the conspiracy then used the information they collected to steal money from bank accounts. Mastan stole about $50,000, and the conspiracy as a whole stole $312,606 from more than 2,900 people. In May 2020, police arrested Mastan and Flore. Mastan eventually pled guilty to one count of conspiracy to commit financial-institution fraud and one count of aggravated identity theft.

Mastan's Guidelines range for the conspiracy count was 41 to 51 months' imprisonment. He also faced a mandatory consecutive two-year sentence for aggravated identity theft under § 1028A. At sentencing, Mastan requested a below-Guidelines sentence for the conspiracy charge. He argued that, among other factors, he "was a lower level participant and received only a portion of the proceeds in this offense." The district court agreed that Mastan "played a minor role as a lower level participant in the conspiracy," but also found that, without Mastan, "a lot of the major harm would not have occurred." The district court thereafter granted the government's motion for a twelve-month downward departure for substantial assistance, sentenced Mastan to 29 months for the conspiracy count, and imposed the mandatory consecutive two-year sentence for aggravated identify theft. Mastan did not object to his sentence. This appeal followed.

Mastan argues that the district court plainly erred when it failed to apply a minor-role reduction to his conspiracy charge under U.S.S.G. § 3B1.2(b). That section allows a district court to reduce a defendant's Guidelines range by two levels if he was a "minor participant" who was "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, cmt. n.3(A).

Prior to sentencing, the probation office produced a presentence report, which described Mastan as "an average participant in the conspiracy," rather than a minor one. Mastan twice expressly declined to object to the findings of the presentence report, which means he "admitted that fact." *United States v. Adkins*, 429 F.3d 631, 632–33 (6th Cir. 2005). That admission is enough to deny him the reduction. Moreover, Mastan played a significant role in the conspiracy: he both installed skimming devices on ATM machines and "cashed out" funds using depositors' information obtained from these devices; and Mastan engaged in this criminal conduct on at least ten occasions. True, the district court stated during the sentencing hearing that Mastan had

"a minor role as a lower level participant in the conspiracy." But the district court was not using the word "minor" as a term of art under § 3B1.2. The district court did not plainly err by failing sua sponte to grant Mastan a minor-role reduction that he never requested.

The district court's judgment is therefore affirmed.