NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0235n.06

Case No. 25-1742

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 26, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE EASTERN DISTRICT OF |
| MARCUS GILBERT, | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
|  | ) | OPINION |

Before: SILER, NALBANDIAN, and HERMANDORFER, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Marcus Gilbert pled guilty to participating in a large drug conspiracy. During his prison term, an amendment to the Sentencing Guidelines retroactively reduced his criminal-history score. This amendment didn't disturb Gilbert's sentence, but it still allowed him to seek relief. So Gilbert asked the district court for a sentence reduction. The district court denied his motion, citing Gilbert's many prison disciplinary incidents. Now Gilbert appeals, arguing that the district court applied an incorrect legal standard. We disagree, so we AFFIRM.

**I.**

In 2015, Marcus Gilbert joined a drug-trafficking organization named "The Polo DTO." The Polo DTO sold fentanyl, heroin, and crack cocaine to the Detroit metro area. These products killed several customers. But the sellers continued to thrive until 2016.

In 2016, Gilbert was arrested after he sold heroin to an undercover officer. In the end, Gilbert pled guilty to the drug conspiracy. He took responsibility for 1 kilogram of heroin and 280

grams of crack. And under Fed. R. Crim. P. 11(c)(1)(C), the parties agreed that a 103-month prison sentence was appropriate.

At sentencing, the district court imposed the agreed-upon sentence. Still, it calculated Gilbert's Guidelines range, and it initially placed him in criminal-history Category IV. This resulted in a Guidelines range of 100 to 125 months' imprisonment. But the court departed downward, reducing his criminal-history category to III, which shifted his Guidelines range to 87 to 108 months. So the agreed-upon sentence still fit within the new range. Gilbert began his 103-month sentence in 2018.

In prison, Gilbert had trouble following the rules. He amassed a long prison rap-sheet for fighting, lying, smuggling, and other infractions. And last year, he was caught with a contraband cellphone and hidden chargers. But he also showed some positive signs of growth—he completed his GED and took other classes.

During Gilbert's sentence, the Sentencing Commission released Amendment 821. Under this amendment, Gilbert would've started in criminal-history Category III, not Category IV. So Gilbert moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), reasoning that the district court would've varied downward from this lower starting point, resulting in a shorter sentence.

A § 3582(c)(2) motion requires district courts to follow two steps. *See United States v. Gilbert*, 2025 WL 252848, at *2 (6th Cir. Jan. 16, 2025). First, courts ask whether a prisoner qualifies for relief under § 3582(c)(2). *Id.* And second, they weigh the sentencing factors under § 3553(a) to determine whether those factors favor relief. *Id.* In other words: (1) Can the sentence be reduced? (2) Should the sentence be reduced?

Initially, the district court rejected Gilbert's petition at the first step—it held that he didn't qualify for relief. After all, his sentence already included a criminal-history category of III, so the

amendment didn't matter. But Gilbert appealed, and we reversed. *Id.* at *3. We explained that Gilbert qualified for relief, since the "applicable guideline range" at the time of sentencing included a criminal-history category of IV, not III. *Id.* Even though the amendment didn't directly affect his sentencing criteria, the statute technically covered his situation.

So the district court heard the motion again. And with the first question already resolved, it answered just the second. The court weighed the § 3553(a) factors, assessing whether Gilbert's original sentence still made sense. To argue for a sentence reduction, Gilbert highlighted his rehabilitative efforts. But the court disagreed. It concluded that Gilbert's spotty prison record wasn't enough to alter his original sentence. It explained that "the presentation of a modest record of successful rehabilitation is not enough standing alone to warrant an upset of the original sentencing decision." R.992, PageID 9868. The court found that Gilbert's educational progress didn't upstage his disobedience in prison, and so the § 3553(a) factors supported his original sentence.

Within its analysis, the court included one sentence that spurred this appeal. It said "'rehabilitation alone does not provide a proper basis for relief [on a motion for discretionary resentencing], and the rehabilitation efforts documented [here are] not so out-of-the-ordinary' as to justify sentencing relief." *Id.* at PageID 9867 (quoting *United States v. Wilson*, 2020 WL 8872371, at *2 (6th Cir. Dec. 30, 2020)) (brackets in original). To the government, this aside didn't affect the court's holding. But to Gilbert, this remark reveals that the district court applied the incorrect legal standard. That's because the quoted language came from a case denying compassionate release under § 3582(c)(1)(A), not a sentence reduction under § 3582(c)(2). *See Wilson*, 2020 WL 8872371, at *2. When it comes to compassionate release, Congress explicitly provided that "[r]ehabilitation of the defendant alone shall not" justify relief. 28 U.S.C. § 994(t).

But sentence reduction doesn't carry the same prohibition. *See Wilson* 2020 WL 8872371, at \*2; 28 U.S.C. § 994(t). So Gilbert appeals.

## II.

We review the district court's decision for abuse of discretion. *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009). Under this standard, "[a] district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005). And we'll reverse only if we're "firmly convinced that a mistake has been made." *Moore*, 582 F.3d at 664 (citation omitted).[1]

In a motion for a sentence reduction, a prisoner asks the district court to reconsider his sentence in light of the Sentencing Commission's decision to lower his Guidelines range. *See* 18 U.S.C. § 3582(c)(2). When district courts substantively consider § 3582(c)(2) motions, they weigh several factors. *See* U.S.S.G. § 1B1.10 cmt. n.1(B); 18 U.S.C. § 3553(a). These factors include the seriousness of the offense, public safety considerations, and post-sentencing conduct. *See* U.S.S.G. § 1B1.10 cmt. n.1(B); 18 U.S.C. § 3553(a). Here, the amendment that triggered Gilbert's eligibility would've put him in criminal-history Category III, which is where he ended originally. And Category III, like Category IV, yields a Guidlelines range that encompasses the parties' agreed-to 103-month sentence.[2]

---

[1] We've explained that 18 U.S.C. § 3742(a) limits the scope of our review when we consider appeals from § 3582(c)(2) motions. *See United States v. Payne*, 2025 WL 475225, at \*3 (6th Cir. Feb. 12, 2025). But we've also observed that the government can waive or forfeit that argument. *Id.* So because the government didn't address the scope of our review, and because that argument doesn't impact our result, we don't consider whether § 3742(a) affects our reasoning.

[2] Although Gilbert agreed to a specific, 103-month sentence, he was still eligible for a sentence reduction because the Guidelines range was "a relevant part of the analytic framework

In this case, not much changed during Gilbert's prison term. When the district court considered Gilbert's sentence-reduction motion, the sentencing court's original § 3553(a) analysis still held true—the offense had the same seriousness, the sentence had the same deterrent effect, and Gilbert doesn't need any special care. So Gilbert relied on the one thing that might've altered the § 3553(a) analysis: his rehabilitation in prison. If he no longer posed a threat to society, and if he showed rehabilitative progress, maybe he could end his sentence early. *See Pepper v. United States*, 562 U.S. 476, 481 (2011). But the district court held that Gilbert hadn't shown enough rehabilitative progress to be released. In doing so, the court acted well within its discretion. *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018) ("[T]his is a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much.").

Gilbert doesn't challenge the district court's balancing of the § 3553(a) factors, which "is not a sufficient ground for reversal." *United States v. Clemmons*, 2025 WL 3198058, at *2 (6th Cir. July 18, 2025) (order) (quoting *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (order)). Instead, his argument centers on whether the district court's quotation of *Wilson* shows that the court applied the incorrect legal standard. In context, here's what the court said:

> The defendant's argument for a discretionary reduction focuses on his efforts at post-sentencing rehabilitation, and he attempts to downplay his disciplinary history as remote, consisting of several admittedly troubling offenses in 2020-2021, and only one recent infraction for possessing a cell phone. However, "**rehabilitation alone does not provide a proper basis for relief** [on a motion for discretionary resentencing], and the rehabilitation efforts documented [here are] not so out-of-the-ordinary" as to justify sentencing relief. *United States v. Wilson* (denying relief where defendant had presented prison records substantiating his custodial "work assignment, education history, and lack of incident reports"). Moreover, despite the defendant's attempts to downplay his disciplinary history, prison records do indicate that he was involved in several troubling

the judge used to determine the sentence or to approve the agreement." *United States v. Gilbert*, 2025 WL 252848, at *3 n.2 (6th Cir. Jan. 16, 2025) (quoting *Hughes v. United States*, 584 U.S. 675, 687 (2018)).

incidents, some involving fighting, and several, including one in January 2025, involving possession of contraband. Those incidents are not reassuring of the defendant's prospects for lawful behavior after release from prison, and other courts have found that a history of custodial incidents with some involving violence weighs against the defendant in the balance of the discretionary factors.

R.992, PageID 9867 (brackets in original) (citation modified).

Gilbert contends that the court's reference to the idea that "rehabilitation alone does not provide a proper basis for relief" was error. *See* R.992, PageID 9862–68. He believes that this quote shows that the district court incorrectly applied 28 U.S.C. § 994(t) to his 18 U.S.C. § 3582(c)(2) motion.

But we disagree. This aside played no role in the district court's holding because the court never followed this standard. At every stage of its analysis, the court explained that it considered and rejected Gilbert's rehabilitation, not because rehabilitation doesn't count, but because Gilbert hadn't shown enough progress. *Id.* at 9865 ("When . . . balancing the section 3553(a) factors, evidence of postsentencing rehabilitation may plainly be relevant") (citation modified), 9867 ("[Gilbert] attempts to downplay his disciplinary history as remote, consisting of several admittedly troubling offenses") ("the rehabilitation efforts documented [here are] not so out-of-the-ordinary as to justify sentencing relief") (citation modified), 9868 ("the presentation of a modest record of successful rehabilitation is not enough"). In short, it rejected the degree, not the category, of Gilbert's rehabilitation. And in doing so, it applied the correct legal standard.

If the district court had applied the incorrect standard, its order would look much different. If "rehabilitation alone does not provide a proper basis for relief," the court could've stopped there. But the district court used a different standard. It balanced Gilbert's educational achievements against his disciplinary history, finding that a "modest record of successful rehabilitation" didn't call his original sentence into question. *Id.* at 9868. And the Guidelines grant district courts vast

discretion to make that call. *See Rayyan*, 885 F.3d at 442; *United States v. Richardson*, 960 F.3d 761, 765 (6th Cir. 2020) (per curiam).

So because we aren't "firmly convinced that a mistake has been made," we won't disturb the district court's order. *Moore*, 582 F.3d at 644 (citation omitted). Instead, Gilbert will complete his 103-month sentence—the sentence he agreed to serve.

## III.

We AFFIRM the district court's denial of Gilbert's motion.